UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMAIL GHANE,<br><br>　　　　　Petitioner<br><br>　　　v.<br><br>CALIFORNIA STATE ATTORNEY GENERAL,<br><br>　　　　　Respondent. | Case No. SACV 16-00871-PA (GJS)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF JURISDICTION** |

　　On May 11, 2016, Petitioner Esmail Ghane filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition seeks Section 2254 habeas relief with respect to a criminal case, Orange County Superior Court Case No. 02SF0387, which was dismissed in 2004 ("Case 02SF0387").

　　The Court has reviewed the Petition and its attachments carefully and has taken judicial notice, pursuant to Federal Rule of Evidence 201, of the dockets for California courts available through the Internet. Based upon this information and Ghane's allegations, it appears that, in June 2002, Ghane was arraigned in Case 02SF0387. Earlier, Ghane had sustained a conviction in 2001, in Orange County Superior Court Case No. 00SF0418, following a guilty plea, and received probation in lieu of incarceration. On May 3, 2004, a probation revocation hearing occurred in

the 00SF0418 case, and Ghane was sentenced to four years. On the same date, the charges alleged in Case 02SF0387 were dismissed. (*See* Petition at 2.)

The attachments to the Petition and the state courts dockets available electronically show that Ghane – through appeals and state collateral proceedings – has sought to overturn the conviction he sustained in the 00SF0418 case.[1] These efforts, however, did not relate to Case 02SF0387, presumably because, as there was no conviction and the case had been dismissed, there was nothing that could be challenged.[2]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears from the face of the Petition that Ghane is not "in custody" pursuant to Case 02SF0387, and thus, the Court lacks jurisdiction over this case.[3]

A federal court has jurisdiction to consider federal habeas relief pursuant to Section 2254 only if the petitioner is "in custody pursuant to the judgment of a State

---

[1] Ghane has a separate habeas petition pending in this Court challenging the conviction he sustained in the 00SF0418 case.

[2] Ghane alleges that: he sought a declaration of factual innocence, which was denied on January 3, 2014, and he appealed; and that he should have been granted the requested declaration. The proceeding on which he relies (a motion to withdraw his guilty plea denied by the trial court on January 3, 2014) occurred in the 00SF0418 case, *not* in Case 02SF0387. There is no basis for finding that Ghane sought a declaration of factual innocence in connection with Case 02SF0387. But even if he did, a claim that the state court should have afforded him this *state law remedy*, under California Penal Code § 851.8, would not be cognizable, as it raises no federal issue and, in any event, jurisdiction is lacking.

[3] The Petition likely is untimely under 28 U.S.C. § 2244(d)(1), but given that jurisdiction appears to be non-existent, the Court need not undertake to resolve the timeliness issue at this time.

2

court." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) (requiring that a petitioner be "in custody" to obtain federal habeas relief). The Supreme Court has made clear that, for federal jurisdiction to exist over a Section 2254 petition, the petitioner must be "in custody" "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*); *see also Bailey v, Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (same, and further observing that "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider'" (citation omitted)).

Here, with respect to Ghane's request for habeas relief in connection with Case 02SF0387, he does not attack a state court "judgment" and he is not "in custody" pursuant to a state court judgment. Indeed, the state court case out of which his claims arise was dismissed 12 years ago. Thus, the requisites for federal habeas jurisdiction – a "state court judgment" pursuant to which Ghane actually is "in custody" – do not exist, and jurisdiction is lacking.[4]

Accordingly, IT IS THEREFORE ORDERED that, on or before **June 13, 2016**, Ghane shall show cause in writing – if any cause exists – why this action should not be summarily dismissed for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

DATED: May 19, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court cannot liberally construe the Petition to seek a writ of coram nobis, as Petitioner sought in the state courts and may seek here (*see* Petition at ECF p. 9), because federal courts may issue such a writ only with respect to *federal* convictions and sentences. *See, e.g., Yasui v. United States*, 772 F.2d 1496, 1498 (9th Cir. 1985); *Hensley v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972), rev'd on another ground by 411 U.S. 345 (1973).

3