UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMAIL GHANE,<br><br>　　　　　Petitioner<br><br>　　v.<br><br>CALIFORNIA STATE ATTORNEY GENERAL,<br><br>　　　　　Respondent. | Case No. SACV 16-00871-PA (GJS)<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION** |

　　On May 11, 2016, Petitioner Esmail Ghane filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition seeks Section 2254 habeas relief with respect to a criminal case – Orange County Superior Court Case No. 02SF0387 – that was dismissed in 2004 ("Case 02SF0387").

　　On May 19, 2016, United States Magistrate Judge Gail J. Standish issued an Order to Show Cause [Dkt. 5, "OSC"]. The OSC directed Ghane to show cause why this case should not be dismissed for lack of jurisdiction. On June 6, 2016, Ghane filed his Response to the OSC [Dkt. 6].

　　Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. The Court has reviewed the Petition and its attachments carefully, as well as the OSC and Ghane's Response. In addition, pursuant to Federal Rule of Evidence 201, the Court has taken judicial notice of the dockets for California courts available through the Internet. Having completed its analysis, the face of the Petition demonstrates that Ghane is not "in custody" pursuant to the Conviction he now seeks to challenge, and nothing Ghane states in his Response changes that fact. As a result, the Court lacks jurisdiction over this case,[1] for the following reasons.

## BACKGROUND

In June 2002, Ghane was arraigned in Case 02SF0387. Earlier, Ghane had sustained a conviction in 2001, in Orange County Superior Court Case No. 00SF0418, following a guilty plea, and he had received probation in lieu of incarceration. On May 3, 2004, a probation revocation hearing occurred in the 00SF0418 case, and Ghane was sentenced to four years. On the same date, the charges alleged in Case 02SF0387 were dismissed. (*See* Petition at 2.) Ghane, thus, never suffered a conviction in Case 02SF0387.

The attachments to the Petition and the state courts dockets available electronically show that Ghane – through appeals and state collateral proceedings – has sought to overturn the conviction he sustained in the 00SF0418 case.[2] These efforts, however, did not relate to Case 02SF0387, because as there was no

---

[1] In all likelihood, the Petition is substantially untimely under 28 U.S.C. § 2244(d)(1), but given that jurisdiction does not exist, the Court need not, and will not, resolve the timeliness questions.

[2] Ghane has a separate habeas petition pending in this Court challenging the conviction he sustained in the 00SF0418 case.

conviction and the case had been dismissed, there was nothing that could be challenged.[3]

## DISCUSSION

Federal district courts are courts of limited jurisdiction, and this Court is under a continuing duty to evaluate its own jurisdiction. *See Augustine v. United States*, 704 F.2d 1074 (9th Cir.1983). Federal courts "are empowered to hear and determine only such causes as Congress has by statute provided." *Van Buskirk v. Wilkinson*, 216 F.2d 725, 737 (9th Cir. 1954). "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, when it appears that subject-matter jurisdiction is lacking, the Court "must dismiss the action" and may do so on its own initiative. *See, e.g., Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003) ("This Court has the duty to consider subject matter jurisdiction *sua sponte* in every case, whether the issue is raised by the parties or not."); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982) ("[l]ack of subject matter jurisdiction can be raised by a court's own motion at any time").

---

[3] Ghane alleges that: he sought a declaration of factual innocence, which was denied on January 3, 2014, and he appealed; and that he should have been granted the requested declaration. The proceeding on which he relies (a motion to withdraw his guilty plea denied by the trial court on January 3, 2014) occurred in the 00SF0418 case, *not* in Case 02SF0387. There is no basis for finding that Ghane sought a declaration of factual innocence in connection with Case 02SF0387. But even if he did, a claim that the state court should have afforded him this *state law remedy*, under California Penal Code § 851.8, would not be cognizable, as it raises no federal issue. In any event, jurisdiction is lacking over this case.

1  Indeed, federal courts are "obliged to inquire sua sponte whenever a doubt arises as
2  to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v.
3  Doyle*, 429 U.S. 274, 278 (1977). "[T]he court is under a continuing duty to dismiss
4  an action whenever it appears that the court lacks jurisdiction." *Augustine*, 704 F.2d
5  at 1077; *see also Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). As
6  federal courts "are courts of limited jurisdiction," a plaintiff bears the burden of
7  establishing that his case is properly in federal court. *Kokkonen v. Guardian Life
8  Ins. Co.*, 511 U.S. 375, 377 (1994); *see also In re Ford Motor Co./Citibank (South
9  Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal
10 jurisdiction bears the burden of proving the case is properly in federal court.").

11 Petitioner seeks to make a Section 2254 habeas challenge. When a habeas
12 petition is brought under Section 2254, a federal court has jurisdiction to consider
13 federal habeas relief only if the petitioner is "in custody pursuant to the" conviction
14 challenged by the petition. 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(a) &
15 (c)(3). The Supreme Court has made clear that, for federal jurisdiction to exist over
16 a Section 2254 petition, the petitioner must be "in custody" "under the conviction or
17 sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S.
18 488, 490-91 (1989) (*per curiam*); *see also Bailey v, Hill*, 599 F.3d 976, 978-79 (9th
19 Cir. 2010) (same, and further observing that "Section 2254(a)'s 'in custody'
20 requirement is jurisdictional and therefore 'it is the first question we must consider'"
21 (citation omitted)).

22 In this action, Ghane seeks habeas relief in connection with Case 02SF0387, a
23 state case that was dismissed over 12 years ago and that did not result in a
24 conviction or sentence. He does not attack a state court "judgment," and he is not
25 "in custody" pursuant to a state court judgment, with respect to these long dismissed
26 state court charges. Thus, the requisites for federal habeas jurisdiction – a "state
27 court judgment" pursuant to which Ghane actually is "in custody" – do not exist,
28 and jurisdiction is lacking.

1	In his Response to the OSC (at p. 3), Ghane argues that the Court should exercise
2	jurisdiction over the Petition for two reasons: first, because the charges to which he
3	pled guilty in the 00SF0418 case were baseless and fabricated, and he is innocent of
4	them; and second, because he was incompetent before and at the time of his 2001
5	guilty plea in the 00SF0418 case and has remained incompetent since then. Ghane's
6	first contention goes to the merits of whether he should obtain relief in his separate
7	habeas action challenging the 00SF0418 case and has no bearing on the "in custody"
8	jurisdictional requirement. Ghane's second assertion is made in the same sentence
9	as his assertion that he has been "consci[enti]ously filing motions all along to
10	present" asking the state courts to vacate his conviction in the 00SF0418 case. He
11	avers that he "has gone about 1000 times to courts, attorneys, lib[raries], and various
12	discoveries with about 100,000 pages of document[s] for the past 16 years" trying to
13	have that conviction set aside. (Response at 6.) Whether or not Ghane was and
14	remains incompetent, it did not preclude him from seeking relief repeatedly in the
15	state courts over the years. In any event, Ghane's assertions as to his competency
16	cannot serve as a basis for manufacturing a jurisdictional requisite – custody – that
17	does not exist with respect to the dismissed criminal charges challenged by the
18	instant Petition.
19	///
20	///
21	///
22	///
23	///
24	///
25	///
26	///
27	///
28	///

There is no federal subject-matter jurisdiction over the Petition, and this is a fundamental defect that mandates its summary dismissal.[4] Accordingly, IT IS ORDERED that this action is summarily dismissed for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 9, 2016  _____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court cannot liberally construe the Petition to seek a writ of coram nobis, as Petitioner sought in the state courts and may seek here (*see* Petition at ECF p. 10), because federal courts may issue such a writ only with respect to *federal* convictions and sentences. *See, e.g., Yasui v. United States*, 772 F.2d 1496, 1498 (9th Cir. 1985); *Hensley v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972), rev'd on another ground by 411 U.S. 345 (1973).